NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

HERBERT MARTINEZ,

              Plaintiff,

v.

POLICE OFFICER ANTHONY SCERBO,

              Defendant.
_____

Civil Action No. 06-CV-819 (JLL)

**OPINION**

**LINARES**, District Judge.

This matter is before the Court on Police Officer Anthony Scerbo's ("Defendant" or "Scerbo") motion for summary judgment to dismiss Herbert Martinez's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 56(c). This motion is unopposed. For the reasons set forth below, Defendant's motion is granted and the complaint in this matter is dismissed.

## **BACKGROUND**

Plaintiff is a pro se litigant currently being housed at Bayside State Prison. He filed a complaint with this Court on September 25, 2006. The Complaint originally named the City of Jersey City, Jersey City Police Department and Police Officer Anthony Scerbo as defendants and asserted violations of Plaintiff's civil rights. Having screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) (in forma pauperis actions), the Court dismissed the Complaint as to the City of Jersey City and the Jersey City Police Department by way of Opinion dated September 6,

1

2006. This Court ordered that Scerbo remain in the case as the sole defendant. The Complaint alleges that Scerbo assaulted Plaintiff and verbally threatened him while Plaintiff was handcuffed during an October 7, 2005 arrest. Plaintiff seeks punitive and compensatory damages.

Defendant filed a motion to dismiss on March 13, 2007. By Order dated March 28, 2007, the Court converted Defendant's motion to dismiss into one for summary judgment because Defendant had attached two affidavits to the motion, thus requiring the court to go outside of the pleadings.[1] This Order was returned to the Court as undeliverable to Plaintiff's address of record. The Court then obtained Plaintiff's correct address and issued a duplicate Order, dated April 19, 2007, and extended the briefing schedule. To date, the Court has received no opposition from Plaintiff to Defendant's motion. Accordingly, the Court shall treat Defendant's motion as unopposed.

## DISCUSSION

I.  **Legal Standards**

   A.  **Summary Judgment Standard**

A party is entitled to summary judgment when it demonstrates that there is no genuine issue of material fact and that the evidence establishes it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). Once the movant has satisfied its

---

[1] A party may move for judgment on the pleadings after the pleadings are closed but within such a time as not to delay the trial. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56. Fed. R. Civ. P. 12 (c).

initial burden, the opposing party must establish that a genuine factual issue exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d. Cir. 1985). The opposing party cannot rest on mere allegations and must instead present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 243 (1986); Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). In considering a motion for summary judgment, the Court views all evidence in a light most favorable to the party opposing the motion. Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 330 (3d Cir. 1995).

When, as here, the nonmoving party fails to oppose the motion by written objection, memorandum, affidavits and other evidence, the court "will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990). That is to say, failure to oppose a motion for summary judgment effects a waiver of the right to controvert the facts asserted by the moving party. Id. at 175-76. Such failure to oppose the motion does not, however, allow the district court to automatically grant a motion for summary judgment. Jaroma v. Massey, 873 F.3d 17, 20 (1st Cir. 1989). Such a rule would violate Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.") (emphasis supplied). The "appropriateness" of summary judgment requires the court to determine that the moving party demonstrate that it is entitled to judgment as a matter of law. Anchorage Assocs., 922 F.2d at 175; Miller v. Ashcroft, 76 Fed. Appx. 457, 462 (3d Cir. 2003). Thus summary judgment is not properly entered in favor of the moving party based solely on a failure to oppose the motion, without a determination that the moving party is entitled to

judgment as a matter of law based on facts set forth in the motion. Anchorage Assocs., 922 F.2d at 171.

### B. Claim Pursuant to 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## II. Analysis

Upon screening, the Court construed Plaintiff's Complaint as alleging a § 1983 claim against Defendant for the use of excessive force during an arrest. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons. . . against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999) (quoting Brower v. County of Inyo, 489 U.S. 593, 599 (1989)).

Plaintiff names Scerbo as liable for the alleged violation of his Fourth Amendment rights. However, according to Scerbo and Sergeant Joseph Botti of the Jersey City Police Department Bureau of Criminal Identification (BCI)[2], Scerbo has never arrested the plaintiff nor assisted in any investigation pertaining to the Plaintiff. (Scerbo Aff. ¶ 6; CM/ECF #16; Botti Aff. ¶ 6; CM/ECF #16). In fact, Defendant submitted an affidavit in support of the instant motion indicating that he has never arrested anyone by the name of Herbert Martinez, nor anyone by the names listed as aliases for the Plaintiff.[3] (Scerbo Aff. ¶ 6; CM/ECF #16). Sergeant Botti's affidavit supports these contentions, and states that to the best of Sergeant Botti's knowledge, Defendant has never arrested the Plaintiff nor assisted in any investigation pertaining to him. (Botti Aff. ¶¶ 6-7; CM/ECF #16).

In the Third Circuit, it is well-settled that in order to bring an action under § 1983, a plaintiff must show that each named defendant was personally involved in the alleged constitutional deprivations and the plaintiff's complaint must allege such personal involvement. Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976); see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F.Supp. 1391, 1401-02 (D.N.J. 1997). "Personal

---

[2] According to his affidavit, Sergeant Botti supervises eight to ten police officers and oversees the processing and handling of prisoners, crime scene operations, and approval of police reports. (Botti Aff. ¶ 4; CM/ECF #16). Although he does not state that he directly supervises Defendant, due to Sergeant Botti's supervisory background, the Court determines that Sergeant Botti is in a position to competently review arrest records and conclude that Defendant has never arrested the Plaintiff nor assisted in any investigation pertaining to him. (Botti Aff. ¶¶ 6-7; CM/ECF #16).

[3] Plaintiff, Herbert Martinez, is also known by the aliases of Ediberto Martinez, Ediberto Salgado, and/or Rolando Santiago. (Scerbo. Aff. ¶ 6; CM/ECF #16).

5

involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge or acquiescence, however, must be made with appropriate particularity." Rode v. Dellarciprete, 845 F.2d 1195, 1206 (3d Cir. 1998). See also, Hall v. Pennsylvania State Police, 570 F.2d 86, 88 (3d Cir. 1978) (finding a civil rights complaint adequate where it states time, place, and persons responsible).

Here, Defendant unequivocally states in his affidavit that he was not the officer who arrested Plaintiff, and asserts that he never had any involvement with Plaintiff at any other time. In fact, Defendant's affidavit states that on October 7, 2005, the date of the alleged arrest, Defendant appeared in Hudson County Superior Court, Criminal Division, to testify at a motion pursuant to a subpoena. (Scerbo Aff. ¶¶ 5-6; CM/ECF #16). Plaintiff does not oppose Defendant's motion for summary judgment by written objection, memorandum, affidavits, or other evidence and therefore this court "will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs., 922 F.2d at 175. Nor does Plaintiff allege that Defendant was a supervising officer or had any liability under a theory of respondeat superior.[4] In sum, Plaintiff offers no proof as to his allegations that Defendant was indeed the arresting officer and therefore offers no genuine issue of material fact which would serve as a basis to defeat summary judgement. Accordingly, the Court hereby grants Defendant's motion for summary judgment.

---

[4]The Court notes that even if the Plaintiff did allege supervisory liability, "a defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior." Rode, 845 F.2d at 1206. (emphasis added).

## **CONCLUSION**

For the reasons set forth above, Defendant's motion for summary judgment is granted and Plaintiff's complaint is dismissed with prejudice.  An appropriate Order accompanies this Opinion.


DATED: September 20, 2007                                              /s/ Jose L. Linares
                                                                                United States District Judge